UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br>2000 P Street NW Suite 240<br>Washington, DC 20036<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES NUCLEAR REGULATORY COMMISSION<br>11545 Rockville Pike<br>Rockville, MD 20852<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action #<br><br><br><br>**COMPLAINT** |

**PRELIMINARY STATEMENTS**

1. This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Nuclear Regulatory Commission ("NRC" or "Agency") to disclose records withheld wrongfully after Plaintiff's FOIA request and subsequent administrative appeal.

2. FOIA requires that federal agencies respond to public records requests in order to increase public understanding of government operations and for access to government information. 5 U.S.C. § 552(a).

3. Plaintiff Public Employees for Environmental Responsibility ("PEER") is a tax-exempt non-profit organization, *see* 26 U.S.C. § 501(c)(3), dedicated to research and public education concerning the activities and operations of the federal government.

1

4. Defendant NRC is an agency of the United States as defined by 5 U.S.C. § 552(f)(1) and is in possession of the requested records.

5. By a letter dated May 7, 2013, PEER submitted a FOIA request to NRC seeking eleven specific records relating to the risk of water inundation from dam failure to operating commercial nuclear reactors.

6. By correspondence dated June 10, 2013, NRC disclosed one complete record and seven partially redacted records without adequately justifying the withholding. NRC failed to disclose three of the requested records.

7. NRC's conduct is arbitrary and capricious and amounts to a denial of PEER's FOIA request. NRC's conduct frustrates PEER's efforts to educate the public regarding ongoing activities at NRC and is a violation of the FOIA.

8. PEER exhausted its administrative remedies under FOIA and seeks a court order requiring NRC to immediately produce all requested records in full as well as other appropriate relief.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to FOIA. 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides in this district and a substantial part of the events and omissions giving rise to this action occurred in this district. Venue is also proper under FOIA. 5 U.S.C. § 552(a)(4)(B).

12. This Court has the authority to award costs and attorneys' fees under FOIA, 5 U.S.C. § 552(a)(4)(E), and 28 U.S.C. § 2414.

**PARTIES**

13. Plaintiff PEER is a non-profit public interest organization with its main office located in Washington, D.C. and field offices in California, Colorado, Florida, Massachusetts, Arizona, New Jersey, and Tennessee.

14. PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii). PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning public policy issues. PEER's projects focus on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. Informing the public about these important public policy issues is central to PEER's mission. PEER educates and informs the public with press releases, its web site, www.peer.org, drawing between 1,000 and 10,000 viewers per day, and its newsletter, circulated to approximately 20,000 people, including 1,500 environmental journalists.

15. Defendant NRC is an independent agency, *see* 5 U.S.C. § 552(f)(1), that was created by Congress in 1974 to ensure the safe use of radioactive materials for beneficial civilian purposes while protecting people and the environment. NRC shall, consistent with the requirements of the FOIA, provide public access to records in its possession. Here, NRC is denying access to its records in contravention of federal law.

**FACTS**

16. By correspondence dated May 7, 2013, PEER submitted a FOIA request to NRC seeking eleven records relating to the risk of inundation from dam failure to commercial nuclear reactors. Specifically, PEER requested the following records:

    - ML101900305, Identification of a Generic External Flooding Issue Due to Potential Dam Failures ("Potential Dam Failures");

    - ML100780084, Generic Failure Rate Evaluation for Jocassee Dam Risk Analysis ("Jocassee Failure Rate");

    - ML091170104, Oconee Nuclear Station, Units 1, 2 and 3 - Non-concurrence on Evaluation of Duke Energy Carolinas, LLC September 26, 2008, Response to Nuclear Regulatory Commission Letter Dated August 15, 2008 Related to External Flooding ("Oconee Flooding Response Letter");

    - ML081640244, Information Request Pursuant to 10 CFR 50.54(F) Related to External Flooding, Including Failure of the Jocassee Dam at Oconee Nuclear Station, Units 1, 2, and 3 (TAC Nos. MD8224, MD8225, and MD8226) ("Jocassee Flooding and Failure Info Request");

    - ML081750106, Oconee, Units 1, 2 and 3 - Response to 10 CFR 50.54(f) Request ("Oconee Response");

    - ML090570779, Oconee Nuclear Station Units 1, 2, and 3, Evaluation of Duke Energy Carolinas September 26, 2008, Response to External Flooding, Including Failure of the Jocassee Dam ("Response to Jocassee Flooding and Failure");

    - ML111460063, Oconee Nuclear Site, Units 1, 2, and 3. Response to Confirmatory Action Letter (CAL) 2-10-003, dated April 29, 2011 ("Oconee Confirmatory Action Letter");

- ML110740482, Analysis Report for the Proposed Generic Issue on Flooding of Nuclear Power Plant Sites Following Upstream Dam Failures ("Dam Failure Flooding Analysis");

- 19- page letter from NRC employee Lawrence Criscione to the NRC Chairman dated September 18, 2012 ("Criscione Letter");

- Email dated September 18, 2012 from Lawrence Criscione to the NRC Chairman ("Criscione email"); and

- ML101610083, Oconee Nuclear Station, Units 1, 2, and 3, - External Flood Commitments ("Oconee Flood Commitments").

17. The requested records will serve the public interest by allowing analysis and evaluation of NRC's ability to respond to flooding concerns at the Oconee Nuclear Station and other similarly vulnerable nuclear reactors. The requested records will also contribute to the public's understanding of NRC's role in regulating the nuclear industry.

18. By correspondence dated May 7, 2013 and signed by Ms. Donna L. Sealing, NRC's FOIA/Privacy Act Officer, NRC acknowledged receipt of PEER's request and assigned it reference number FOIA/PA-2013-00239.

19. By correspondence dated June 10, 2013 and signed by Ms. Donna L. Sealing, NRC provided an incomplete response to PEER's request that included:

- A boilerplate response form (NRC FORM 464);

- One complete copy of the requested "Oconee Flood Commitments" record;

- Seven partially redacted records with FOIA Exemption 7(F), 5 U.S.C. § 552(a)(7)(F), cited for all redactions. The partially produced records are:
    - Potential Dam Failures;

- - Jocassee Failure Rate;
    - Oconee Flooding Response Letter;
    - Jocassee Flooding and Failure Info Request;
    - Oconee Response;
    - Response to Jocassee Flooding and Failure; and
    - Oconee Confirmatory Action Letter.
  - A statement that the following three records "will be addressed in a later response"
    - Dam Failure Flooding Analysis;
    - Criscione Letter; and
    - Criscione Email.

20. By correspondence dated July 5, 2013, PEER submitted an administrative appeal pursuant to 5 U.S.C. § 552(a)(6)(A)(i). PEER appealed NRC's response on the following grounds: 1) NRC failed to provide adequate justification for withholding the material or a *Vaughn* index, *see generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) cert denied, 415 U.S. 977[1974]), of the withheld records; 2) NRC failed to satisfy the basic Exemption 7 thresholds; 3) NRC failed to satisfy the specific Exemption 7(F) threshold; 4) NRC failed to explain how a portion of a record could be "outside of scope" of PEER's request; 5) NRC failed to abide by the statutory time limits in producing documents; 6) NRC cannot withhold previously disclosed records; and 7) NRC failed to address segregability. PEER also addressed the status of its fee waiver request in the appeal.

21. Exemption 7 allows an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records" fit within one of Exemption 7's six subparts. 5 U.S.C. § 552(b)(7)(A)-(F).

22. To assert Exemption 7, NRC must meet the threshold requirements of Exemption 7 before withholding requested records on the basis of any of its subparts.  The Exemption 7 threshold requirements involve two steps.  First, an agency asserting Exemption 7 must demonstrate that it serves a "law enforcement purpose."  NRC's response fails to meet this threshold because the response makes no mention the agency's "law enforcement purpose."  Second, an agency asserting Exemption 7 must show that the records at issue were compiled to enforce a statute or regulation within its law enforcement purpose.  NRC's response fails to provide any accompanying explanation as to how or why the information was compiled to enforce a statute or regulation within its law enforcement purpose.

23. After satisfying the Exemption 7 threshold requirements, an agency asserting subpart (F) then must explain that disclosure of the records "could reasonably be expected to endanger life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F).  Neither NRC's response nor the records it produced suggest that disclosure of the withheld records "could reasonably be expected to endanger the life or physical safety of any individual." *Id.*

24. NRC's boilerplate response quotes the statutory language, but fails to explain, in even the most general level, let alone with the specificity required to legally withhold the information, how Exemption 7(F) applies to the withheld information.  Beyond this, PEER's appeal also raises other issues not addressed in NRC's response including records not produced that should have been and segregability, among other matters.

25. To date, NRC has not responded to PEER's appeal.  Failure to respond to PEER's appeal is a failure to abide by the FOIA statutory time requirements, which require agencies to respond to administrative appeals within twenty work days after the appeal is filed.  5 U.S.C. § 552(a)(6)(ii).

26. PEER exhausted its administrative remedies under FOIA for its May 7, 2013 FOIA request. 5 U.S.C. § 552(a)(6)(C).

27. PEER afforded NRC ample time beyond that which is legally required to respond to the request. More than seventy business-days have passed since Plaintiff submitted its FOIA request to NRC. More than twenty-eight business-days days have passed since Plaintiff submitted its administrative appeal to NRC.

28. To date, PEER has not received three of the records it requested. NRC fails to abide by the FOIA statutory time requirements, which requires that records be produced within twenty work days of the request. 5 U.S.C. § 552(a)(6)(A)(i).

29. To date, NRC has not justified its partial withholding of seven of the requested documents nor responded to PEER's appeal.

30. NRC's failure to abide by statutory time limits and FOIA's disclosure requirements amounts to arbitrary and capricious conduct and a denial of PEER's request. Plaintiff now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

31. NRC's conduct frustrates Plaintiff's efforts to educate the public regarding the risk of inundation from dam failure to operating commercial nuclear reactors.

32. Disclosure of the records will enhance public understanding of how NRC is, or is not, fulfilling its core mission of ensuring safety and environmental enforcement. Additionally, the requested records will shed light on the extent and severity of risk posed by dam failure and facility inundation. These records will help the public understand the risks associated with facility inundation as well as NRC's response to the risks. Furthermore, a large contingent of the general public is interested in knowing about the safety of nuclear

facilities. PEER believes that disclosure of the requested information will offer the general public a clear picture of the rigor, prudence, and efficacy of NRC's actions and policies.

33. PEER seeks a court order requiring NRC to immediately produce full and complete copies of all requested records as well as other appropriate relief.

## CAUSE OF ACTION

### Count 1: Violation of the Freedom of Information Act

34. Plaintiff incorporates the allegations in paragraphs 1 through 33.

35. NRC's failure to comply with the statutory time limits and to disclose the three records is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Agency's own regulations promulgated thereunder.

36. NRC's failure to sufficiently support its withholdings or to provide any supporting justification for withholding portions of seven requested records is a violation of FOIA, 5 U.S.C. § 552, and the Agency's own regulations promulgated thereunder.

37. NRC's failure to respond to PEER's July 5, 2013 administrative appeal within the time limits prescribed by statute is a violation of FOIA, 5 U.S.C. § 552, and the Agency's own regulations promulgated thereunder.

### Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an Order declaring that NRC is wrongfully withholding the requested records and failing to abide by statutory time limits;

ii. Issue a permanent injunction directing NRC to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until NRC is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which the Plaintiff may be entitled.

Dated: August 15, 2013

                                            Respectfully submitted,

                                            /s/  Kathryn Douglass
                                          Kathryn Douglass, DC Bar # 995841
                                          Public Employees for Environmental Responsibility,
                                          200 P Street, NW Suite 240
                                          Washington, D.C. 20036
                                          (202) 265-7337